IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAAL R. GRIFFIN,<br>　　　　　　Plaintiff,<br><br>　vs.<br><br><br><br>JEFFERY A. WINGARD, *Badge #16253*;<br>STEVE PIACENTI; CITY OF<br>PITTSBURGH; TARA SMITH,<br>*Magisterial Judge, Jurisdiction Lincoln*<br>*Avenue,*<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 13-792<br><br>Judge Cathy Bissoon/<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 23 and 39 |

## REPORT AND RECOMMENDATION

**I.　　RECOMMENDATION**

Plaintiff Jamaal Griffin ("Plaintiff") has filed this *pro se* civil rights action alleging that Jeffrey A. Wingard, a City of Pittsburgh police officer, and Tara Smith, an Allegheny County Magisterial District Judge, violated his constitutional rights in the course of his arrest for the aggravated assault and burglary. The City of Pittsburgh and a private citizen, Steve Piacenti, have also been named as defendants. Pending before the Court are Motions to Dismiss [ECF Nos. 23 and 39] filed on behalf of Defendant Wingard and the City of Pittsburgh, contending that Plaintiff's Complaint and Amended Complaint fail to set forth any facts upon which relief may be granted.

For the following reasons, it is respectfully recommended that the Motions to Dismiss be granted and the claims asserted against Defendants Wingard and the City of Pittsburgh be dismissed with prejudice. Further, because absolute immunity applies to the claims asserted

1

against Magisterial District Judge Tara Smith, and because Plaintiff fails to allege any claims against any remaining party within the jurisdiction of this Court, it is respectfully recommended that this action be dismissed with prejudice.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true the factual allegations in the Complaint and draw all reasonable inferences in the Plaintiffs favor. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Therefore, for the purposes of this decision, the essential facts are as follows.

On March 30, 2013, Plaintiff arrived at Defendant Piacenti's home for a visit and was invited in. [ECF No. 5]. After entering, Piacenti accused Plaintiff of having sex with Piacenti's girlfriend and spit on Plaintiff's face. Piacenti suffers from Hepatitis C, and Plaintiff believed that Piacenti's conduct exposed Plaintiff to the disease. Plaintiff candidly admits he responded by choking Piacenti. Id. Plaintiff then went to the bathroom, cleaned himself off and left the premises, telling Piacenti's girlfriend that he had been spit upon. Later that day, Piacenti called the City of Pittsburgh police department to report that he had been assaulted by the Plaintiff.

After talking with Piacenti, Defendant Wingard drew up a "warrant of probable cause" seeking Plaintiff's arrest for aggravated assault and burglary. [ECF No. 22]. Plaintiff alleges that there was no evidence that anything was stolen from Piacenti's residence to justify a burglary charge, nor medical evidence establishing that Piacenti was seriously injured to justify an aggravated assault charge. In the absence of this evidence, Plaintiff contends that Defendant Wingard maliciously upgraded the charges against Plaintiff, rather than charge him with a lesser crime, such as simple assault. Plaintiff alleges that Defendant Wingard was aided in his efforts

by Assistant District Attorney Edward Sheid and Magisterial District Judge Tara Smith. Plaintiff contends that she failed to question Defendant Wingard concerning the contents of the affidavit. Plaintiff also alleges that Magisterial District Judge Smith exceeded her judicial authority by issuing the warrant, because the location of the crime was not in her judicial district, and she forged the warrant for his arrest.

After obtaining the arrest warrant, Defendant Wingard delayed Plaintiff's arrest for two weeks, to coincide with Plaintiff's appearance for a non-jury trial in an unrelated criminal matter.[1] Plaintiff claims the matter in which he was scheduled to appear has given rise to an excessive force complaint against a police officer. Accordingly, Plaintiff believes that Defendant Wingard arrested him in front of that police officer to retaliate for filing an excessive force complaint and to cause embarrassment and hurt feelings. [ECF No 22].

Plaintiff's Amended Complaint alleges that because of the unwarranted charge for aggravated assault, his bail was set at "$50,000, straight bond." Id. Plaintiff claims that his bail requirement far exceeded the amount set for other prisoners charged with aggravated assault and is a result of Defendant Wingard's malicious conduct.

Plaintiff alleges that as a result of his arrest, he has been kicked out of the Sanford-Brown School where he was an honor roll student and he has lost possession of his truck. Plaintiff seeks the compensatory damages to pay his bail bond, replace his lost tuition, and an additional sum in excess of $75,000 in compensatory damages. Plaintiff also seeks punitive damages and the filing of criminal charges against Defendant Steve Piacenti for spitting on him. [ECF No. 5, 22].

---

[1] The unrelated charges and court proceedings, showing the scheduled but continued non-jury trial on April 15, 2013, are set forth at: http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-02-CR-0014504-2011.

## B. STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must read the complaint in the light most favorable to the non-moving party and all well-pleaded, material allegations in the complaint must be taken as true. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Twombly, the Supreme Court held that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678. Only "a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at 679.

To determine whether a claim survives a motion to dismiss, the United States Court of Appeals for the Third Circuit provided a two-part test. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

4

The plaintiff must show 'the allegations of his or her complaints are plausible. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.' [This] 'plausibility' determination will be 'a context – specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). .

The court is not limited to evaluating the complaint alone; it can also consider documents attached to the complaint, matters of public record, indisputably authentic documents, Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n. 2 (3d Cir. 2006), documents that form the basis of a claim, Lum v. Bank of America, 361 F.3d 217, 221 n. 3 (3d Cir. 2004) (*abrogation on other grounds recognized by* In re Insurance Brokerage Antitrust Litigation, 618 F.3d 300, 323 n. 22 (3d Cir. 2010)), and "documents whose contents are alleged in the complaint and whose authenticity no party questions," even though they "are not physically attached to the pleading...." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). Upon review, a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.

In addition, because Plaintiff is a prisoner and has requested and been granted leave to proceed in forma pauperis, the screening provisions of the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, apply. The Court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the Court may nonetheless *sua sponte* rest its dismissal upon

such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., No. 06-115E, 2007 WL 1811198, *4 (W.D. Pa. June 21, 2007), *aff'd*, 264 F. App'x. 183 (3d Cir. 2008).

C.  **DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994). See also Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

1.  **City of Pittsburgh**

The City of Pittsburgh has filed a Motion to Dismiss because, under the facts alleged in Plaintiff's Complaint, it cannot be held liable under Section 1983. [ECF No. 39] "Municipal liability under § 1983 only arises if the plaintiff demonstrates that '"execution of a government's policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflicts the injury.'" Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir.1990) (quoting Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690–91 (1978)). A municipal policy encompasses a "statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Brown v. Muhlenberg Twp., 269 F.3d 205, 215 (3d Cir. 2001) (quoting Monell, 436 U.S. at 690). "A custom, on the other hand, need not have

6

received formal approval through official decision-making channels, but it 'must have the force of law by virtue of the persistent practices" of municipal officials." Woodyard v. Cnty. of Essex, 514 F. App'x 177, 181-82 (3d Cir. 2013)(quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167 (1970)). Furthermore, a municipality cannot be constitutionally liable under the doctrine of respondeat superior. See City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Plaintiff has failed to allege any facts to support a claim against the City of Pittsburgh; indeed, there are no allegations that the City engaged in a pattern of behavior, or had in place a policy directing such behavior, that violated his constitutional rights. Nothing in the record supports Plaintiff's identification of the City of Pittsburgh as a defendant in this action. Further, to the extent Plaintiff bases his claims against the City of Pittsburgh on the alleged misconduct of Defendant Police Officer Jeffrey Wingard, even if Defendant Wingard did somehow violate Plaintiff's constitutional rights, the City cannot be held vicariously liable as his employer. Accordingly, it is respectfully recommended that the Motion to Dismiss filed on behalf of the City of Pittsburgh be granted and that Plaintiff's action against it be dismissed with prejudice.

### 2. Jeffrey A. Wingard

Defendant Wingard seeks dismissal of this action against him because Plaintiff has failed to allege any facts legally sufficient to support claims asserted for false arrest, malicious prosecution or retaliation. This Court agrees.

#### a. False Arrest

Plaintiff's Complaint and Amended Complaint, taken together for purposes of Defendant Wingard's Motion to Dismiss, allege that Defendant Wingard is liable to Plaintiff for false arrest in violation of the Fourth Amendment. Under Section 1983, liability for false arrest may be found when it is shown "by a preponderance of the evidence: (1) that the police officer

knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary to the finding of probable cause." Toribio v. Spece, ___ F. App'x ___, 2014 WL 661341 at * 2 (3d Cir. 2014) (quoting Wilson v. Russo, 212 F.3d 781, 787 (3d Cir. 2000)). "To determine the materiality of the misstatements and omissions, we excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." Id. at 789 (internal quotation marks and citation omitted). As explained in Toribio,

> "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." "[T]he evidentiary standard for probable cause is significantly lower than the standard which is required for conviction" and "does not depend on whether the suspect actually committed any crime." Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005). "[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." Hill v. California, 401 U.S. 797, 804, 91 S.Ct. 1106, 1111, 28 L.Ed.2d 484 (1971).

Toribio, 2014 WL 661341 at *3.

Plaintiff claims that Wingard lacked probable cause to arrest Plaintiff for aggravated assault, because in the absence of medical evidence that Piacenti suffered serious injury, the affidavit of probable cause was deficient on its face. Wingard responds, noting that Plaintiff does not challenge the accusation that he choked Piacenti and further contends that sufficient probable cause for Plaintiff's was present, based upon the victim and witness statements setting forth the facts of the incident and identifying Plaintiff as the individual who committed the crimes.

As indicated on the underlying docket of this matter, Plaintiff was charged with Aggravated Assault, 18 P.S. § 2702 (a)(1) and Burglary, 18 P.S. 3503(c)(1). A person is guilty of aggravated assault if he: "attempts to cause serious bodily injury to another, or causes such

8

injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa. Cons. Stat. Ann. § 2702 (West). Burglary is committed if, with the intent to commit a crime, a person "(1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." 18 Pa. Cons. Stat. Ann. § 3502 (West).

Plaintiff contends that Defendant Wingard did not possess evidence to "show the elements of crime beyond a reasonable doubt, that he attempted to cause serious bodily injury." [ECF No. 22, p.2]. However, as explained in Toribio, probable cause to arrest is held to a significantly lower standard than that necessary to achieve a conviction for the crime charged.

Here, Plaintiff does not contest the veracity of the witness statements concerning the necessary predicate facts and candidly admits he choked Piacenti. Rather, Plaintiff challenges whether aggravated assault can occur in the absence of independent medical evidence of serious injury and whether burglary can occur in the absence of taking possession of property. These issues may present a challenge to the charges at trial, but given Plaintiff's own admission that he choked Piacenti in Piacenti's home, the evidence was more than sufficient to establish a "fair probability that [Plaintiff] committed the crime[s] at issue." Toribio, at *3.

Further, given that Plaintiff does not challenge that Defendant Wingard received a victim statement from Piacenti, there are no "misstatements or omissions that create a falsehood in applying for the warrant" as issued. Wilson at 787. "Generally, police may rely on the statements of a victim or eyewitness to a crime when making a probable cause determination as 'it is well-established that when an officer has received ... information from some person— normally the putative victim or an eyewitness—who it seems reasonable to believe is telling the

9

truth, he has probable cause.'" Quinn v. Cintron, CIV.A. 11-02471, 2013 WL 5508667 (E.D. Pa. Oct. 3, 2013) *reconsideration denied*, CIV.A. 11-02471, 2013 WL 5842554 (E.D. Pa. Oct. 31, 2013)(quoting United States v. Richards, No. 08–37, 2008 WL 3874302 at *2 (D.Vi. Aug.15, 2008), Spiegel v. Cortese, 196 F.3d 717, 724 (7th Cir.1999) (further citations omitted)). "It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of an attacker" since "it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself." Id., citing Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir.1991).

Because Plaintiff's Complaint and Amended Complaint admit to the basic elements of the crimes charged, [ECF No. 22, p. 4], Plaintiff simply has not alleged facts sufficient to set forth a claim for false arrest.

b. **Malicious Prosecution**

In order to establish a Fourth Amendment malicious prosecution claim pursuant to Section 1983, a plaintiff must show the following: 1) the defendant initiated a criminal proceeding; 2) the criminal proceeding ended in the plaintiff's favor; 3) the proceeding was initiated without probable cause; 4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and 5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)); and see, Thompson v. Howard, No. 09-1416, 2013 WL 2338247 (W.D. Pa. May 29, 2013).

Plaintiff's malicious prosecution claim, like his false arrest claim, is resolved by a determination of whether probable cause was present as to the charges asserted against Plaintiff. Marasco, 318 F.3d at 521–22. Because the facts set forth in Plaintiff's Complaint and Amended Complaint establish the existence of probable cause for the crimes charged, Plaintiff cannot prevail on his malicious prosecution claim.

### c. Retaliation

Plaintiff generally alleges a retaliation claim based upon Officer Wingard's conduct in placing Plaintiff under arrest during an unrelated criminal proceeding, so as to embarrass him for filing an excessive force complaint against another police officer.

"In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006) (citing Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003)).

In the instant case, Plaintiff fails to allege sufficient facts in support of a causal nexus between the events. Plaintiff does not allege that his previously filed excessive force complaint was lodged against Officer Wingard, or that Office Wingard was aware of the excessive force complaint before making the arrest, or that Officer Wingard knew the officer against who the complaint was lodged, or that Officer Wingard had any involvement in the unrelated arrest or court proceeding. Plaintiff simply has not alleged facts sufficient to give rise to retaliatory animus or to establish that the excessive force complaint somehow was a substantial or motivating factor in Wingard's determination of the place of Plaintiff's arrest. Absent sufficient

allegations to demonstrate causation, it is recommended that Plaintiff's retaliation claim be dismissed.

### 3. Magisterial District Judge Tara Smith

Plaintiff alleges that Defendant Magisterial District Judge Tara Smith violated his constitutional rights by issuing an arrest warrant on insufficient facts and for a crime committed outside her district. As a judicial defendant, she is entitled to judicial immunity.

> Judicial immunity is "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Piskanin v. Hammer, 2005 WL 613644 (E.D. Pa. 2005) (applying judicial immunity to "district justice"). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356. See also Benn v. First Judicial District, 426 F.3d 233 (3d Cir.2005) (applying Eleventh Amendment immunity to courts). See also Seigert v. Gilley, 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); In Re Montgomery County, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial."). A judge is immune even if the acts were committed during an alleged conspiracy. Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

Jackson v. City of Erie Police Dep't, No.14-3, 2014 WL 695546 (W.D. Pa. Feb. 24, 2014). Because Plaintiff's allegations against Magisterial District Judge Tara Smith concern the exercise of her judicial authority, for which she is immune from suit, it is recommended that claims against her be dismissed with prejudice *sua sponte* pursuant to Section 1915A of the PLRA.

### 4. Steve Piacenti

Claims asserted pursuant to 42 U.S.C. § 1983 for the violation of constitutional rights require that the alleged violation of a right secured by the Constitution be committed by a person

acting under color of state law." West v. Atkins, 487 U.S. at 48. "Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir.2011) (quoting Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir.1998)). The Complaint and Amended Complaint do not state any facts under which Defendant Piacenti plausibly can be deemed a state actor. In the absence of any remaining federal claims for which this Court retains jurisdiction, it is respectfully recommended that any claims asserted against Defendant Piacenti be dismissed without prejudice to be refiled in state court.

### D. CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motions to Dismiss filed on behalf of Jeffrey A. Wingard and the City of Pittsburgh [ECF Nos. 23 and 39] be granted. It is further recommended that the claims against Defendant Magisterial District Judge Tara Smith be dismissed *sua sponte* with prejudice pursuant to 28 U.S.C. § 1915A. Finally, given the absence of any remaining federal claims within the jurisdiction of the Court, it is recommended that the Plaintiff's remaining claims, if any, against Defendant Piacenti be dismissed without prejudice.

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). While it appears that any attempt to amend is futile, given the Plaintiff's pro se status, it is further recommended that Plaintiff be permitted to file a second amended complaint, asserting claims pursuant to

13

Section 1983 against Defendant Wingard for false arrest and malicious prosecution in violation of the Fourth Amendment, and for retaliation in violation of the First Amendment. The second amended complaint may not add any additional claims or assert claims against any other Defendant. Plaintiff must plead specific, separately numbered, fact paragraphs and the second amended complaint should describe, as clearly and briefly as possible, the specific events which violated Plaintiff's constitutional rights.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections no later than April 11, 2014. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                                Respectfully submitted,

                                                                /s/ Maureen P. Kelly
                                                                MAUREEN P. KELLY
                                                                UNITED STATES MAGISTRATE JUDGE

Dated: March 25, 2014

cc:      The Honorable Cathy Bissoon
          United States District Judge

          All counsel of record by Notice of Electronic Filing

          Jamaal R. Griffin
          39244
          950 Second Avenue
          Pittsburgh, PA 15219